## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| JAMAL JONES, LISA MAHONE, J.I., Jr. (a minor), and J.I. (a minor)<br><br>    Plaintiffs,<br><br>   v.<br><br>CITY OF HAMMOND, PATRICK VICARI, CHARLES TURNER, and OTHER UNKNOWN OFFICERS,<br><br>    Defendants. | Case No. 14-cv-362<br><br>Judge Jon E. DeGuilio<br>Magistrate John E. Martin<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

Plaintiffs JAMAL JONES, LISA MAHONE, J.I., JR. (a minor) and J.I. (a minor), by and through their undersigned attorneys, complain against Defendants CITY OF HAMMOND, PATRICK VICARI, CHARLES TURNER, and OTHER UNKNOWN OFFICERS, as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1341, 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

## PARTIES

3.     Jamal Jones (hereinafter, Jamal) resides within the state of Indiana and within this judicial district.

4.     Lisa Mahone (hereinafter Lisa) resides within the state of Indiana and within this judicial district, and is the parent, guardian, and next friend of J.I., Jr. and J.I.

5.     J.I., Jr. is a 14-year-old male minor and resides within the state of Indiana and within this judicial district.

6.     J.I. is a 7-year-old female minor and resides within the state of Indiana and within this judicial district.

7.     The City of Hammond is a municipal corporation and public entity organized under the laws of the state of Indiana and is located within this judicial district.

8.     Patrick Vicari is a police officer employed by the City of Hammond.

9.     At all relevant times, Defendant Vicari was on duty and acted under color of law and within the scope of his employment.

10.     Charles Turner is a police officer employed by the City of Hammond.

11.     At all relevant times, Defendant Turner was on duty and acted under color of law and within the scope of his employment.

12.     Defendants other unknown officers are police officers employed by the City of Hammond.

13.     At all relevant times, Defendants other unknown officers were on duty and acted under color of law and within the scope of their employment.

## FACTS RELEVANT TO ALL CLAIMS

14.     On or about September 24, 2014, at about 3:30 p.m., Plaintiffs were traveling in a vehicle in the vicinity of 169th Street and Cline Avenue in the City of Hammond.

15.     Lisa was the driver of the vehicle.

16.     Jamal was seated in the front passenger seat.

17.     The minor children were seated in the rear passenger seats.

18.     Defendants Vicari and Turner, who were in uniform and driving marked City of Hammond police vehicles, activated their emergency equipment and pulled Plaintiffs' vehicle over to the side of the road.

19.     Lisa pulled over to the side of the road, but the manner in which Vicari and Turner pulled over Plaintiffs' vehicle was highly aggressive and placed Plaintiffs in fear for their safety.

20.     Upon approaching the vehicle, Vicari or Turner placed spike strips under the wheels of Plaintiffs' vehicle, which made Plaintiffs even more fearful for their safety.

21.     Vicari and Turner demanded Lisa's identification.

22.     Lisa complied and gave the officers her identification.

23.     Vicari and Turner stated that they had pulled over Plaintiffs' vehicle because Lisa had not been wearing her seatbelt.

24.     Lisa conceded that she had not been wearing her seatbelt and asked Vicari and Turner to issue her a ticket quickly. Lisa informed the officers that her mother was dying and that Plaintiffs were on the way to the hospital to see her before she died.

25.     Rather than issuing Lisa a ticket for failure to wear a seatbelt, the officers demanded that Jamal, the passenger, provide the officers with his identification as well.

26.     Vicari and Turner had no reasonable basis to believe that Jamal had committed any crime.

27.     Jamal informed the officers that he did not have his driver's license but had a ticket with his information on it.[1]

28.     Jamal offered to write his information down for the officers, but the officers refused.

29.     Because of the officers' aggressive demeanor and lack of any reasonable basis to believe that Jamal had committed any crime, Jamal and Lisa felt that they were in imminent danger.

30.     The officers then ordered Jamal to get out of the vehicle.

31.     Jamal offered to show the officers the ticket, which had his information on it, but the officers refused.

---

[1]     He had previously turned over his driver's license when he was stopped for not paying his insurance.

4

32.     Lisa called 911 and requested a supervisor, and Jamal declined to get out of the vehicle because they were in reasonable fear for their safety.

33.     In full view of the officers, Jamal retrieved the ticket from his backpack and offered the ticket to the officers.

34.     The officers declined to take the ticket.

35.     After a minute or two for no reason, the officers drew their weapons.

36.     The officers had no reasonable basis to believe that anyone in the vehicle was a threat. The vehicles' windows were clear and the officers had an unobstructed view of every person within the vehicle.

37.     At no time did the officers inform any of the Plaintiffs that they were under arrest.

38.     Other than informing Lisa that she would be cited for a seatbelt violation, at no time did the officers inform any of the Plaintiffs that they were under reasonable suspicion of committing a crime.

39.     At no time did the officers order any of the Plaintiffs to put their hands in the air or up where they could see them.

40.     The officers again ordered Jamal to exit the vehicle without any basis.

41.     Jamal again declined because he feared that the officers would harm him and/or the other Plaintiffs in the vehicle.

42.     Despite the fact that Jamal was not under arrest, was not reasonably suspected of committing a crime, and presented no threat to the officers, the officers decided to forcibly remove Jamal from the vehicle.

43.     Vicari, Turner, or one of the other unknown officers approached the vehicle with a tool and raised the tool into an aggressive posture, placing Plaintiffs in imminent fear of physical harm.

44.     The officer used the tool to smash the front passenger window of the vehicle, striking Jamal in the right shoulder and causing shards of glass to strike Jamal, Lisa, and the minor children.

45.     Vicari, Turner, or one of the other unknown officers shot Jamal with a taser and then, individually and collectively, the officers dragged Jamal out of the vehicle and threw him to the ground.

46.      The officers continued to tase Jamal while he lay on the ground, despite the fact that Jamal was not resisting in any way.

47.     The officers then placed Jamal in handcuffs and placed Jamal under arrest.

48.     At no point during this entire encounter did Jamal physically resist the officers in any way.

49.     Jamal was charged with resisting law enforcement.

50.     At no point did the officers search the vehicle or any of Plaintiffs for weapons.

51.    Lisa was cited for failure to wear a seatbelt and eventually allowed to go on her way.

**FACTS RELEVANT TO *MONELL* CLAIMS AGAINST CITY OF HAMMOND**

52.    Defendants Vicari and Turner have a history of using objectively unreasonable force against citizens and arresting citizens without probable cause.

53.    Defendant Vicari has been named as a defendant in at least three previous lawsuits involving the use of excessive force against citizens as well as arrest without probable cause:

    A.    *Stancato v. City of Hammond*, No. 07-cv-00259 (N.D. Ind.)

    B.    *Gray v. City of Hammond*, No. 08-cv-00114 (N.D. Ind.)

    C.    *Warner v. City of Hammond*, No. 11-cv-00458 (N.D. Ind.)

54.    Similarly, Defendant Turner has been named as a defendant in at least one previous lawsuit involving the use of excessive force against citizens as well as arrest without probable cause:

    A.    *Leiding v. City of Hammond*, No. 03-cv-00381 (N.D. Ind.)

55.    The public documents listed above are representative examples only and do not include other internal and informal complaints filed by citizens against Vicari and Turner as well as other City police officers.

56.     In addition to the above examples, there are numerous other instances of City police officers using excessive force against citizens as well as false arrests of citizens.

57.     Despite this history, the City of Hammond has not disciplined Vicari or Turner or other officers and has instead promoted them to leadership positions within the police department.

58.     Moreover, despite this history of unlawful conduct by City police officers, the City has failed to adequately investigate allegations of officer misconduct, has failed to adequately discipline officers for the use of excessive force, and has failed to adequately train its officers on the proper use of force.

59.     The City's failure to do so is a de facto policy that encourages officers to violate the constitutional rights of citizens with impunity.

60.     The City's de facto policy proximately caused the individual officers to engage in the unlawful conduct described above against Plaintiffs.

## COUNT I

**Violation of the Fourth Amendment – Excessive Force**

61.     This count is pled against the individual defendants on behalf of all Plaintiffs.

62.     Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to be free from the unreasonable use of force by police officers.

63.     Plaintiffs' rights under the Fourth and Fourteenth Amendments are enforceable under 42 U.S.C. § 1983.

64.     Vicari, Turner, or other unknown officers' use of force in breaking the window and striking Lisa, Jamal, J.I., Jr. and J.I, was objectively unreasonable under the circumstances.

65.     Vicari, Turner, or other unknown officers' use of force in shooting Jamal with a taser was objectively unreasonable under the circumstances.

66.     The individual Defendants' actions were undertaken within the scope of their employment, while on duty, and under color of law.

67.     As a result of the unjustified and excessive use of force by the individual defendants, Plaintiffs have suffered physical and emotional injuries.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the individual defendants, and award damages as follows:

    A.     Compensatory damages;

    B.     Punitive damages as allowed by law;

    C.     Reasonable attorneys' fees, costs, and litigation expenses; and

    D.     Any other relief this Court deems just and appropriate.

## COUNT II

### Violation of the Fourth Amendment – Excessive Force (*Monell*)

68.     This count is pled against the City of Hammond only on behalf of all Plaintiffs.

69.     The actions of the individual Defendants, as described above, was taken pursuant to the policy and practice of the City of Hammond.

70.     As a matter of both policy and practice, the City of Hammond encourages, and is the moving force behind, the individual officers' objectively unreasonable use of force against citizens by hiring and retaining unqualified officers, and by failing to adequately train, supervise, and control its officers.

71.     By failing to adequately investigate and discipline officers who have engaged previous instances of excessive force against citizens, the City of Hammond manifests deliberate indifference to the violations of those citizens' constitutional rights by the City's police officers.

72.     The City's deliberate indifference to its officers' use of excessive force against citizens encourages officers to believe that their actions will never be scrutinized and thus encourages officers to continue using excessive force against citizens.

73.     The City's failure to adequately train, supervise, and discipline its officers for their use of excessive force caused the individual defendants to use excessive force

against Plaintiffs because the officers believed that they would not be investigated or punished for doing so.

74.     As a direct result of the City's policy and practice, Plaintiffs have suffered physical and emotional injury.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the individual defendants, and award damages as follows:

      A.     Compensatory damages;

      B.     Punitive damages as allowed by law;

      C.     Reasonable attorneys' fees, costs, and litigation expenses; and

      D.     Any other relief this Court deems just and appropriate.

<u>COUNT III</u>

**Violation of the Fourth Amendment – False Arrest**

75.     This count is pled against the individual defendants on behalf of Plaintiff Jamal Jones.

76.     Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Jones has a right to be free from arrest without probable cause.

77.     Plaintiffs' rights under the Fourth and Fourteenth Amendments are enforceable under 42 U.S.C. § 1983.

78.     The individual defendants had no probable cause to believe that Jones was committing or had committed a crime at the time they placed him under arrest.

79.     The individual defendants' actions were undertaken within the scope of their employment, while on duty, and under color of law.

80.     As a result of his arrest and detention without probable cause by the individual defendants, Jones has suffered physical, emotional, and financial injuries.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the individual defendants, and award damages as follows:

    A.     Compensatory damages;

    B.     Punitive damages as allowed by law;

    C.     Reasonable attorneys' fees, costs, and litigation expenses; and

    D.     Any other relief this Court deems just and appropriate.

## COUNT IV

### Violation of the Fourth Amendment – False Arrest (*Monell*)

81.     This count is pled against the City of Hammond only on behalf of Plaintiff Jamal Jones.

82.     The actions of the individual defendants as described above were taken pursuant to the policy and practice of the City of Hammond.

83.     As a matter of both policy and practice, the City of Hammond encourages, and is the moving force behind, the individual officers' arrest of citizens without

probable cause by hiring and retaining unqualified officers, and by failing to adequately train, supervise, and control its officers.

84.     By failing to adequately investigate and discipline officers who have engaged in previous instances of arrest of citizens without probable cause, the City of Hammond manifests deliberate indifference to the violations of those citizens' constitutional rights by the City's police officers.

85.     The City's deliberate indifference to its officers' arrest of citizens without probable cause encourages officers to believe that their actions will never be scrutinized and thus encourages officers to continue arresting citizens without probable cause.

86.     The City's failure to adequately train, supervise, and discipline its officers for arresting citizens without probable cause led the individual defendants to arrest Plaintiff Jones without probable cause because the officers believed that they would not be investigated or punished for doing so.

87.     As a direct result of the City's policy and practice, Plaintiff Jones has suffered physical, emotional, and financial injury.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the individual defendants, and award damages as follows:

        A.      Compensatory damages;

        B.      Punitive damages as allowed by law;

        C.      Reasonable attorneys' fees, costs, and litigation expenses; and

       D.      Any other relief this Court deems just and appropriate.

                                        Respectfully submitted,

                                        JAMAL JONES, LISA MAHONE, J.I., Jr., and J.I.

                                        *s/Dana L. Kurtz*

                                        _____

                                        Attorney for Plaintiff

                                        *Electronically filed on October 14, 2014*

Dana L. Kurtz (ARDC # 6256245)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail:  dkurtz@kurtzlaw.us

14

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this 14th day of October, 2014.

Robert J. Feldt                    rfeldt@eichhorn-law.com
John M. McCrum              jmccrum@eichhorn-law.com




*s/Dana L. Kurtz*
_____
Dana L. Kurtz